TROWBRIDGE'S ADM'R

*v.*

DANVILLE STREET-CAR CO.

(*Supreme Court of Appeals of Virginia, June 14, 1894.*)

[19 S. E. Rep. 780.]

**Street Railroads—Death of Person on Track—Case at Bar.**

In an action against a street-car company for running over the deceased, it appeared that the car was going along the street upon a straight track; that the street was crowded with vehicles; that the deceased dodged across the track in front of the car, to escape a vehicle, but did not observe the car, although the whistle was constantly sounded. There was evidence that the motorman used every diligence to stop the car, and the deceased, prior to his death, exonerated the company from all blame: *held*, that the defendant was not liable.

**Pleading and Practice—Right to Raise Question Not in Issue.**

Where a declaration charges that the defendant corporation is using the streets of a city under its franchise, employing electricity as a motive power, it is not proper to raise the question as to its right to use electricity instead of horse power.

**Contributory Negligence—Sudden Peril to Excuse—Cause of.**

The sudden peril which will excuse what would otherwise be contributory negligence on the part of the plaintiff must have been caused by the action of the defendant, and not of a third person.

Error to corporation court of Danville.

An action by the administrator of William H. Trowbridge against the Danville Street-Car Company for causing death of the deceased. Judgment for defendant. Plaintiff brings error. Affirmed.

LACY, J., delivered the opinion of the court.

The circumstances of the killing are that the car which inflicted the injury was passing along the street of the said city of Danville in the usual way, and upon a straight track, which enabled the car driver to see a considerable distance ahead of him ; but, at the time of the accident, the street was crowded with vehicles alongside of the track, a wagon passing close on one side, and two drays on the other side. The deceased dodged across the track close in front of the car, escaping from the front of one vehicle, and endeavoring to cross the track, and land, so to speak, safely behind another, on the other side ; but, miscalculating the distance and the speed of the car, crossed too close to the car front, and, not observing the car, although the whistle was constantly sounded, was struck and killed. It is said that the car ran 14 feet after it struck him, and that the driver could have stopped the car almost instantly ; but there is a difference of opinion among the witnesses as to this distance. There is evidence that the car driver used every diligence to stop the car, and made strenuous exertions to push the unfortunate away from the car, as soon as he was close enough. Indeed, the deceased was not killed instantly, an d himself drew the diagram of the situation, and exonerated the company from all blame for negligence. Upon the evidence, the jury found for the defendant, and the court certified the evidence. The court was asked for several instructions by the plaintiff, which were rejected by the court, and the plaintiff objected to several instructions given to the jury upon the motion of the defendant by the court, to which refusing and giving instructions the plaintiff excepted ; and, upon the rendition of the verdict, the plaintiff moved the court to set aside the verdict, and grant a new trial to the plaintiff, the verdict being for the defendant, which motion the court overruled, and the plaintiff excepted. The court thereupon rendered judgment for the defendant

in accordance with the verdict, and the plaintiff applied for and obtained a writ of error to this court.

The first error assigned here is the refusal of the court to instruct the jury that if they should believe from the evidence that the defendant company was authorized by its charter to use mules or horses to draw the cars, and was using electricity to propel the same, and the injury was caused thereby, they should find for the plaintiff; and that, if the jury believed that the deceased came suddenly upon the track to escape impending peril, threatened danger from drays and wagons, that his entrance upon the track was dangerously near the front of a moving car, then this was not contributory negligence, because of the sudden peril in which he was placed. As to the first question, raised by the sixth instruction, it is sufficient to say that it could not properly be raised under the proceedings here. The defendant is alleged to be a corporation, using the streets of Danville, and propelling its cars by electricity, electrical appliances, etc., inflicting fatal injuries through negligence. This is the question raised by the declaration, and which the defendant has denied by its plea; and the plaintiff cannot be heard to try another and different question, involving questions not raised by the pleadings. The complaint is the negligent use of admitted franchises. The instruction raises the question whether the orders and franchises existed or not; and, moreover, the evidence does not hint at the injury being caused by the use of electricity rather than some other power, for propelling the cars; and therefore that part of the instruction was properly rejected as inapplicable to the case.

As to the fifth instruction, which endeavors to raise the question of sudden peril, we will remark that the sudden peril referred to in the authorities cited is such as the defendant has caused. If the defendant places a person in sudden peril, etc., it is a very different matter than such sudden peril

as was wholly unconnected with the defendant or any of his doings. If a person flees from a vehicle, and throws himself in a peril under the wheels of a moving car, so that he is instantly injured, no cause of action lies against the defendant, unless it has been guilty of negligence, and in such a case the question of contributory negligence plays no important part in the investigation, there being no foundation for the action until the negligence of the company defendant is established.

The instructions asked for by the defendant company, and given by the court, are excepted to, but they appear to be without error, and in accordance with the foregoing,—that the action depends upon the negligence of the defendant,— which is sustained by the repeated decisions of this court. The defendant in error cites Railroad Co. v. Kellam's Adm'r, 83 Va. 857, 3 S. E. 703; and I think the instructions given are in accordance with the opinion of this court in that case, and are without error.

As to the refusal of the court to set aside the verdict and grant a new trial, it is clear that there was no error in this action of the court. The evidence, considered in the light of the rule in this court of a demurrer to evidence where the evidence is certified, shows that the defendant company was guilty of no negligence in the case, and the verdict of the jury was right, and the court did not err in refusing to set it aside; and, upon the whole case, we are of opinion to affirm the judgment appealed from here. Judgment affirmed.